**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.

CHANEL, INC.,

      Plaintiff,

vs.

THE INDIVIDUAL, PARTNERSHIP OR UNINCORPORATED ASSOCIATION d/b/a ACCENTALUXURY.COM d/b/a APEXBOUTIQUES.COM a/k/a APEX BOUTIQUES a/k/a @APEXBOUTIQUES a/k/a AP d/b/a BILLIONTIQUE.COM d/b/a CASCADEBOUTIQUE.COM a/k/a CASCADE BOUTIQUE d/b/a CASCADEBOUTIQUES.COM a/k/a CASCADEBOUTIQUES d/b/a CORONABOUTIQUE.COM d/b/a FIFIBOUTIQUES.COM d/b/a GGBOUTIQQ.COM d/b/a LACOLUMBA.COM d/b/a LAVENUELUXURY.COM d/b/a LOCRATER.COM a/k/a CRATER d/b/a MALLORCABOUTIQUES.COM d/b/a MARKLEBOUTIQUE.COM a/k/a MARKLE BOUTIQUE d/b/a MIDNIGHTBOUTIQUE.STORE a/k/a MIDNIGHT-BOUTIQUE a/k/a MIDNIGHT BOUTIQUE d/b/a NAYZAHBOUTIQUES.COM d/b/a PARISBOUTIQ.COM d/b/a PERGOLABOUTIQUE.COM d/b/a PRESTIGEBOUTIQES.COM d/b/a ROSELLABOUTIQUE.COM d/b/a THECHATEAUBOUTIQUE.COM d/b/a THEFASHIONGLAZE.COM d/b/a THEPARISBOUTIQUE.COM d/b/a VENABOUTIQUE.COM d/b/a VINIBOUTIQUE.COM d/b/a VITOBSKYBOUTIQUES.COM a/k/a VITOBSKY BOUTIQUES d/b/a VIVOBOUTIQUE.COM d/b/a VOXBOUTIQUES.COM

      Defendant.
_____

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff, Chanel, Inc. ("Chanel" or "Plaintiff") hereby sues Defendant, The Individual, Partnership, or Unincorporated Association doing business as the domain names and the seller names operating at least via the social media platform – Facebook.com - identified above and set forth on Schedule "A" hereto (the "Defendant"). Defendant is promoting, selling, and offering for sale goods bearing counterfeits and confusingly similar imitations of Chanel's trademarks within

this district through at least the fully-interactive commercial Internet websites operating under the domain names as well as the user names operating via the social media platform – Facebook.com - identified on Schedule "A" hereto (the "Subject Domain Names and Social Media Accounts"). In support of its claims, Chanel alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a), and The All Writs Act, 28 U.S.C. § 1651(a). Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Chanel's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2. Defendant is subject to personal jurisdiction in this district because it operates commercial websites accessible in this district and directs business activities towards consumers throughout the United States, including within the State of Florida and this district.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Defendant is, upon information and belief, an alien who engages in infringing activities and causes harm within this district by advertising, offering to sell and/or selling infringing products into this district.

## THE PLAINTIFF

4. Chanel is a corporation organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019. Chanel operates boutiques throughout the world, including within this district. Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world,

including within this district, a variety of high quality luxury goods under multiple world famous common law and federally registered trademarks, including those identified in Paragraph 16 below. Chanel offers for sale and sells its goods within the State of Florida, including within this district. Defendant, through the offering for sale and sale of counterfeit and infringing Chanel branded products, is directly, and unfairly, competing with Chanel's economic interests in the State of Florida and causing Chanel harm and damage within this jurisdiction.

5. Like many other famous trademark owners in the luxury goods market, Chanel suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendant herein, who wrongfully reproduce and counterfeit Chanel's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits.

6. In order to combat the harm caused by the combined actions of Defendant and others engaging in similar conduct, each year Chanel expends significant monetary resources in connection with trademark enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement, such as field training guides and seminars. The exponential growth of counterfeiting over the Internet has created an environment that requires companies, such as Chanel to file a large number of lawsuits, often it later turns out, against the same individuals and groups, in order to protect both consumers and itself from the ill effects of confusion and the erosion of the goodwill associated with the Chanel brand.

## THE DEFENDANT

7. Defendant operates through domain names registered with registrars in multiple countries, including the United States, and is comprised of an individual, partnership, and/or business entity of unknown makeup, whom, upon information and belief, likely resides and/or

operates in the People's Republic of China, or redistributes products from the same or similar sources in that location. Defendant also operates social media accounts under the seller names identified on Schedule "A" in connection with the operation of its business. Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendant directs its business activities towards consumers throughout the world, including the United States and within this district, through the simultaneous operation of at least the fully interactive commercial Internet websites and supporting domains existing under the Subject Domain Names and through its Social Media Accounts. Defendant targets its business activities toward consumers throughout the world, including the United States and within this district, through the operation of the Subject Domain Names and Social Media Accounts. Defendant uses its Internet websites operating under the Subject Domain Names in tandem with its Social Media Accounts through the third party social media platform Facebook.com, in order to advertise and complete its offer and sale of counterfeit and infringing Chanel branded products.

8. Upon information and belief, Defendant uses aliases in conjunction with the operation of its businesses, including but not limited to those identified on Schedule "A" hereto.[1]

9. Upon information and belief, Defendant is directly and personally contributing to, inducing and engaging in the sale of counterfeit branded products as alleged herein.

---

[1] In addition to the domain names identified on Schedule "A," Plaintiff has also identified the domains names - accantaluxury.com, azureboutiques.com, beverly-boutique.com; bonbonboutiques.com goldkickz.com, hypeclubnyc.com, latucana.com, malibuboutiques.com, martisluxury.com, maximeboutique.com, maximilliana.com, savvytrendco.com, streetwearla.com, tatoboutiques.com, thefashionoasis.com, thefashionstarz.com, thegloriousboutiques.com, thetrendzn.com, thetrendzway.com, valerineluxury.com, velizeboutique.com, vicenzaboutique.com, wearepragas.com, gloryboutiques.com, and zechludaofficiel.com – as additional domain names and associated websites which, upon information and belief, were controlled by the Defendant but offline or expired prior to the filing of this Complaint.

10. Defendant is part of an ongoing scheme to create and maintain an illegal marketplace enterprise on the World Wide Web, which (i) confuses consumers regarding the source of Defendant's goods for profit, and (ii) expands the marketplace for illegal, counterfeit Chanel branded goods while shrinking the legitimate marketplace for genuine Chanel branded goods. The natural and intended byproduct of Defendant's actions is the erosion and destruction of the goodwill associated with Chanel's famous name and associated trademarks, as well as the destruction of the legitimate market sector in which Chanel operates.

11. Upon information and belief, Defendant directly engages in unfair competition with Chanel by (i) advertising, offering for sale and/or selling goods bearing counterfeits and infringements of one or more of Chanel's trademarks to consumers within the United States and this district through at least the interactive commercial Internet websites operating under the Subject Domain Names and its Social Media Accounts as well as any additional domains and websites or social media accounts not yet known to Chanel, and (ii) creating and maintaining an illegal marketplace enterprise for the purpose of diverting business from Chanel's legitimate marketplace for its genuine goods. Defendant has purposefully directed some portion of its illegal activities towards consumers in the State of Florida through the advertisement and offer to sell counterfeit Chanel branded goods into the State, and by operating an illegal marketplace enterprise which impacts and interferes with commerce throughout the United States, including within the State of Florida.

12. Defendant has registered, established or purchased, and maintained its Subject Domain Names and the websites operating thereunder, and its Social Media Accounts. Defendant has engaged in fraudulent conduct with respect to the registration of the Subject Domain Names and Social Media Accounts by providing false and/or misleading information to its various registrars

5

during the registration or maintenance process. Upon information and belief, Defendant has registered and maintained its Subject Domain Names and Social Media Accounts for the sole purpose of engaging in illegal counterfeiting activities.

13. Upon information and belief, Defendant will continue to register or acquire new social media accounts and domain names for the purpose of offering for sale and selling goods bearing counterfeit and confusingly similar imitations of Chanel's trademarks unless permanently enjoined. Defendant will continue to maintain and grow its illegal marketplace enterprise at Chanel's expense unless permanently enjoined.

14. Defendant's entire Internet-based website business amounts to nothing more than an illegal operation established and operated in order to infringe the intellectual property rights of Chanel and others.

15. Defendant's business names, i.e., the Subject Domain Names and Social Media Accounts as well as any other domain names and aliases used in connection with the offer to sell or sale of counterfeit and infringing goods bearing Chanel's trademarks are essential components of Defendant's counterfeiting and infringing activities and are one of the means by which Defendant furthers its counterfeiting and infringement scheme and causes harm to Chanel. Defendant is using Chanel's famous name and trademarks to attract consumer traffic to its websites and Social Media Accounts, thereby creating and increasing the value of the Subject Domain Names and Social Media Accounts, and decreasing the size and value of Chanel's legitimate consumer marketplace at Chanel's expense.

## **COMMON FACTUAL ALLEGATIONS**

### **Plaintiff's Trademark Rights**

16. Chanel is the owner of all rights, including common law rights in and to the

6

following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively, the "Chanel Marks"):

| Trademark | Registration Number | Registration Date | Classes/Goods |
|---|---|---|---|
| CHANEL | 0,626,035 | May 1, 1956 | IC 018 - Women's Handbags |
| (CC logo) | 1,314,511 | January 15, 1985 | IC 018 - Leather Goods-Namely, Handbags |
| CHANEL | 1,347,677 | July 9, 1985 | IC 018 - Leather Goods-Namely, Handbags |
| CHANEL | 1,733,051 | November 17, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business and Credit Card Cases, Change Purses, Tote Bags, Cosmetic Bags Sold Empty, and Garment Bags for Travel |
| (CC logo) | 1,734,822 | November 24, 1992 | IC 018 - Leather Goods; Namely, Handbags, Wallets, Travel Bags, Luggage, Business Card Cases, Change Purses, Tote Bags, and Cosmetic Bags Sold Empty |

The Chanel Marks are used in conjunction with the manufacture and distribution of high quality luxury goods in the categories identified above. True and correct copies of the Certificates of Registration for the Chanel Marks are attached hereto as Composite Exhibit "1."

17.     The Chanel Marks have been used in interstate commerce to identify and distinguish Chanel's high quality luxury goods for an extended period of time.

18.     The Chanel Marks have been used by Chanel long prior to Defendant's first use of copies of those Marks. The Chanel Marks have never been assigned or licensed to Defendant in this matter.

19.     The Chanel Marks are symbols of Chanel's quality, reputation, and goodwill and have never been abandoned.

7

20. Further, Chanel has expended substantial time, money and other resources developing, advertising and otherwise promoting the Chanel Marks. The Chanel Marks qualify as famous marks as that term is used in 15 U.S.C. § 1125(c)(1).

21. Chanel has extensively used, advertised, and promoted the Chanel Marks in the United States in association with the sale of high quality luxury goods and has carefully monitored and policed the use of the Chanel Marks.

22. As a result of Chanel's efforts, members of the consuming public readily identify merchandise bearing or sold under the Chanel Marks, as being high quality luxury goods sponsored and approved by Chanel.

23. The Chanel Marks have achieved secondary meaning as identifiers of high quality luxury goods.

24. Genuine goods bearing the Chanel Marks are widely legitimately advertised, promoted, and sold by Chanel and its authorized distributors. Over the course of the past ten years, visibility on the Internet, particularly via Internet search engines and social media has become increasingly important to Chanel's overall marketing and consumer education efforts. Thus, Chanel expends significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") and social media marketing ("SMM") strategies. Those strategies allow Chanel and its authorized retailers to fairly promote legitimate goods and educate consumers about the value associated with the Chanel brand and the goods sold thereunder.

**Defendant's Infringing Activities**

25. At all times relevant hereto, Defendant in this action has had full knowledge of Chanel's ownership of the Chanel Marks, including its exclusive right to use and license such

intellectual property and the goodwill associated therewith.

26. Defendant is promoting and advertising, distributing, selling, and/or offering for sale goods in interstate commerce using and bearing counterfeits and confusingly similar imitations of the Chanel Marks (collectively, the "Counterfeit Goods") through the fully interactive commercial Internet websites operating under the Subject Domain Names, and through, at least, the seller names via the Internet based social media platform operating under the Social Media Accounts. True and correct copies of the web pages reflecting samples of the Internet websites operating under the Store Domain Names, as well as web pages from the Social Media Accounts, displaying the Chanel branded items offered for sale are attached hereto as Composite Exhibit "2." Specifically, upon information and belief, Defendant is using identical copies of the Chanel Marks for different quality goods. Chanel has used the Chanel Marks extensively and continuously before Defendant began offering counterfeit and confusingly similar imitations of Chanel's merchandise.

27. Defendant's Counterfeit Goods are of a quality materially different than that of Chanel's genuine goods. Defendant is actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of its Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high quality products offered for sale by Chanel despite Defendant's knowledge that it is without authority to use the Chanel Marks. The net effect of Defendant's actions will cause confusion of consumers at the time of initial interest, sale, and in the post-sale setting, who will believe Defendant's Counterfeit Goods are genuine goods originating from, associated with, and approved by Chanel.

28. Defendant advertises its Counterfeit Goods for sale to the consuming public via at least its websites operating under the Subject Domain Names and seller names operating under the Social Media Accounts. In so advertising these products, Defendant improperly and unlawfully

9

uses one or more of the Chanel Marks without Chanel's permission.

29.     As part of its overall infringement and counterfeiting scheme, Defendant is, upon information and belief, employing SEO and SMM strategies based upon an illegal use of counterfeits and infringements of one or more of the Chanel Marks. Specifically, Defendant is using counterfeits and infringements of Chanel's famous name and the Chanel Marks in order to make its websites and social media accounts offering to sell and selling illegal goods appear more relevant and attractive to consumers across an array of search terms. By its actions, Defendant is contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Chanel's genuine goods. Defendant is causing harm to Chanel and the consuming public by (i) depriving Chanel of its right to fairly compete for space within search engine results and reducing the visibility of Chanel's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the Chanel Marks, (iii) increasing Chanel's overall cost to market its goods and educate consumers about its brand via the Internet, and (iv) maintaining an illegal marketplace enterprise, which perpetuates the ability of Defendant and future entrants to that marketplace to confuse consumers and harm Chanel with impunity.

30.     Upon information and belief, Defendant is conducting and targeting its counterfeiting and infringing activities toward consumers and causing harm, within this district and elsewhere throughout the United States. As a result, Defendant is defrauding Chanel and the consuming public for Defendant's own benefit.

31.     Defendant's use of the Chanel Marks, including the promotion and advertisement, reproduction, distribution, sale, and/or offering for sale of its Counterfeit Goods, is without Chanel's consent or authorization.

32. Defendant is engaging in the above-described counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Chanel's rights for the purpose of trading on Chanel's goodwill and reputation. If Defendant's intentional counterfeiting and infringing activities are not permanently enjoined by this Court, Chanel and the consuming public will continue to be harmed.

33. Defendant's above-identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during, and after the time of purchase. Moreover, Defendant's wrongful conduct is likely to create a false impression and deceive customers into believing there is a connection or association between Chanel's genuine goods and Defendant's Counterfeit Goods, which there is not.

34. Chanel has no adequate remedy at law.

35. Chanel is suffering irreparable injury and has suffered substantial damages as a result of Defendant's unauthorized and wrongful use of the Chanel Marks. If Defendant's counterfeiting and infringing and unfairly competitive activities, and its illegal marketplace enterprise, are not permanently enjoined by this Court, Chanel and the consuming public will continue to be harmed.

36. The injury and damages sustained by Chanel has been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of its Counterfeit Goods and by the creation, maintenance, and very existence of Defendant's illegal marketplace enterprise.

### COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

37. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

38. This is an action for trademark counterfeiting and infringement against Defendant based on its use of counterfeits, copies, and/or colorable imitations of the Chanel Marks in commerce in connection with the promotion, advertisement, distribution, sale and/or offering for sale of the Counterfeit Goods.

39. Specifically, Defendant is promoting and otherwise advertising, selling, offering for sale and distributing products bearing counterfeits and infringements of one or more of the Chanel Marks. Defendant is continuously infringing and inducing others to infringe the Chanel Marks.

40. Defendant's counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the consuming public as to the origin and quality of Defendant's Counterfeit Goods.

41. Defendant's unlawful actions have caused and are continuing to cause unquantifiable damages and irreparable harm to Chanel and are unjustly enriching Defendant at Chanel's expense.

42. Defendant's above-described illegal actions constitute counterfeiting and infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

43. Chanel has suffered and will continue to suffer irreparable injury due to Defendant's above described activities if Defendant is not permanently enjoined.

**COUNT II - FALSE DESIGNATION OF ORIGIN
PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))**

44. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

45. Defendant's Counterfeit Goods bearing, offered for sale, and sold under copies of

one or more of the Chanel Marks have been widely advertised and offered for sale throughout the United States.

46. Defendant's Counterfeit Goods bearing, offered for sale, and sold under copies of one or more of the Chanel Marks are virtually identical in appearance to each of Chanel's genuine goods. However, Defendant's Counterfeit Goods are different in quality. Accordingly, Defendant's activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of its Counterfeit Goods.

47. Defendant has used in connection with its advertisement, offers for sale, and sale of its Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Chanel's detriment.

48. Defendant has authorized infringing uses of one or more of the Chanel Marks in Defendant's advertisement and promotion of its counterfeit and infringing branded products. Defendant has also misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by it are genuine, non-infringing goods.

49. Additionally, Defendant is using counterfeits and infringements of one or more of the Chanel Marks in order to unfairly compete with Chanel and others for space within search engine organic results, thereby depriving Chanel of a valuable marketing and educational tool which would otherwise be available to Chanel and reducing the visibility of Chanel's genuine goods on the World Wide Web.

50. Defendant's above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51. Chanel has no adequate remedy at law, and has sustained irreparable injury and damages caused by Defendant's conduct. Absent an entry of an injunction by this Court, Chanel will continue to suffer irreparable injury as well as monetary damages.

### COUNT III - COMMON LAW UNFAIR COMPETITION

52. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

53. This is an action against Defendant based on its (i) promotion, advertisement, distribution, offering for sale and/or sale of goods bearing marks which are virtually identical, both visually and phonetically, to the Chanel Marks, and (ii) creation and maintenance of an illegal, ongoing marketplace enterprise operating in parallel to the legitimate marketplace in which Chanel sells its genuine goods, in violation of Florida's common law of unfair competition.

54. Specifically, Defendant is promoting and otherwise advertising, selling, offering for sale and distributing infringing and counterfeit Chanel branded goods. Defendant is also using counterfeits and infringements of one or more of the Chanel Marks to unfairly compete with Chanel and others for (i) space in search engine results across an array of search terms and/or (ii) visibility on the World Wide Web.

55. Defendant's infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the general consuming public as to the origin and quality of Defendant's products by its use of the Chanel Marks.

56. Chanel has no adequate remedy at law and is suffering irreparable injury and damage as a result of Defendant's actions. Absent an entry of an injunction by this Court, Chanel will continue to suffer irreparable injury as well as monetary damages.

## COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

57. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

58. Chanel is the owner of all common law rights in and to the Chanel Marks.

59. This is an action for common law trademark infringement against Defendant based on its promotion, advertisement, offering for sale, and sale of its Counterfeit Goods bearing one or more of the Chanel Marks. Specifically, Defendant is promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing infringements of one or more of the Chanel Marks.

60. Defendant's infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the consuming public as to the origin and quality of Defendant's Counterfeit Goods bearing the Chanel Marks.

61. Chanel has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendant's actions. Absent an entry of an injunction by this Court, Chanel will continue to suffer irreparable injury as well as monetary damages.

## PRAYER FOR RELIEF

62. WHEREFORE, Chanel demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendant as follows:

   a. Entry of permanent injunction pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65 enjoining Defendant, its agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell its Counterfeit Goods; from infringing, counterfeiting, or diluting the Chanel Marks; from using the

Chanel Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name, trademark or trade dress that may be calculated to falsely advertise the services or products of Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with Chanel; from falsely representing themselves as being connected with Chanel, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant are in any way endorsed by, approved by, and/or associated with Chanel; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendant's goods as being those of Chanel, or in any way endorsed by Chanel and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Chanel's name or trademarks; and from otherwise unfairly competing with Chanel.

      b.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that, upon Chanel's request, the Defendant's service providers cease hosting, facilitating access to, or providing any supporting service to any and all of the Subject Domain Names and Social Media Accounts, and any other websites and social media accounts through which Defendant engages in the promotion, offering for sale and/or sale of goods using counterfeits and/or infringements of the Chanel Marks.

      c.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, authorizing Chanel to serve the injunction on any e-mail service

16

provider with a request that the service provider permanently suspend the e-mail addresses that are used by Defendant in connection with Defendant's promotion, offering for sale, and/or sale of goods using counterfeits, and/or infringements of the Chanel Marks.

    d.  Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that upon Chanel's request, the top level domain (TLD) Registry for each of the Subject Domain Names, and any other domains used by Defendant, or its administrators, including backend registry operators or administrators, place the Subject Domain Names on Registry Hold status for the remainder of the registration period for any such domain name, thus removing them from the TLD zone files which link the Subject Domain Names, and any other domain names being used and/or controlled by Defendant to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of the Chanel Marks, to the IP addresses where the associated websites are hosted.

    e.  Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, canceling for the life of the current registration or, at Chanel's election, transferring the Subject Domain Names and any other domain names used by Defendant to engage in its counterfeiting of the Chanel Marks at issue to Chanel's control so they may no longer be used for illegal purposes.

    f.  Entry of an order requiring Defendant, its agent(s) or assign(s), to assign all rights, title, and interest, to its Subject Domain Names to Chanel and, if within five (5) days of entry of such order Defendant fails to make such an assignment, the Court order the act to be done by another person appointed by the Court at the non-complying Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

g. Entry of an order requiring Defendant, its agent(s) or assign(s), to instruct all search engines to permanently delist or deindex the Subject Domain Name(s) and, if within five (5) days of entry of such order Defendant fails to make such a written instruction, the Court order the act to be done by another person appointed by the Court at the non-complying Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

h. Entry of an order requiring Defendant to request in writing permanent termination of any messaging service, Social Media Accounts, and advertisement campaigns Defendant owns, operates, or controls on any message service and sociate media platform specifically including, but not limited to, Facebook.com, and, if within five (5) days of entry of such order Defendant fails to make such a written instruction, the Court order the act to be done by another person appointed by the Court at the non-complying Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

i. Entry of an order requiring Defendant to account to and pay Chanel for all profits and damages resulting from Defendant's trademark counterfeiting and infringing activities and that the award to Chanel be trebled, as provided for under 15 U.S.C. § 1117 and Florida law, or, at Chanel's election with respect to Count I, that Chanel be awarded statutory damages from Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

j. Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Chanel's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

k. Entry of an award of pre-judgment interest on the judgment amount.

l. Entry of an order for any further relief as the Court may deem just and proper.

DATED: December 23rd, 2019.          Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: ___*s:/Stephen M. Gaffigan*_____
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
T. Raquel Wiborg-Rodriguez (Fla. Bar No. 103372)
401 East Las Olas Blvd., #130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
E-mail: stephen@smgpa.net
E-mail: leo@smgpa.net
E-mail: Raquel@smgpa.net

Attorneys for Plaintiff CHANEL, INC.

## SCHEDULE "A"
## DEFENDANT'S SUBJECT DOMAIN NAMES AND
## SOCIAL MEDIA ACCOUNTS

| Subject Domain Name | Facebook Account User Names |
|---|---|
| accentaluxury.com | |
| apexboutiques.com | Apex Boutiques<br>@apexboutiques<br>AP |
| billiontique.com | |
| cascadeboutique.com | Cascade Boutique |
| cascadeboutiques.com | Cascadeboutiques |
| coronaboutique.com | |
| fifiboutiques.com | |
| ggboutiqq.com | |
| lacolumba.com | |
| lavenueluxury.com | |
| locrater.com | Crater |
| mallorcaboutiques.com | |
| markleboutique.com | Markle Boutique |
| midnightboutique.store | Midnight-boutique<br>Midnight Boutique |
| nayzahboutiques.com | |
| parisboutiq.com | |
| pergolaboutique.com | |
| prestigeboutiqes.com | |
| rosellaboutique.com | |
| thechateauboutique.com | |
| thefashionglaze.com | |
| theparisboutique.com | |
| venaboutique.com | |
| ViniBoutique.com | |
| vitobskyboutiques.com | Vitobsky Boutiques |
| vivoboutique.com | |
| voxboutiques.com | |